## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HOA CAO** | * | DOCKET NO. 3:25-cv-00252 |
| | * | |
| **VERSUS** | * | JUDGE: JOHN W. deGRAVELLES |
| | * | |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | * | MAGISTRATE JUDGE: SCOTT D. JOHNSON |

* * * * * * * * * * * * *

## ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, sought to be made defendant herein, who, for purposes of responding to Plaintiff's Petition for Damages, does aver as follows:

1.

The allegations of Article 1 of Plaintiff's Petition for Damages are denied except to admit that State Farm Mutual Automobile Insurance Company is a foreign insurance company authorized to do and doing business in the State of Louisiana. Except as admitted, the allegations of Article 1 of Plaintiff's Petition for Damages are denied.

2.

The allegations of Article 2 of Plaintiff's Petition for Damages are denied.

3.

The allegations of Article 3 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Article 4 of Plaintiff's Petition for Damages are denied for lack of

sufficient information to justify a belief therein.  Further, Respondent denies that Plaintiff was injured or suffered damage as a result of the alleged accident made subject of this litigation.

5.

The allegations of Article 5 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Article 6 of Plaintiff's Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Article 7 of Plaintiff's Petition for Damages are denied as written.  State Farm admits that it issued a policy to Hoa Coa.  State Farm avers that the policy, as a written contract, said policy being the best evidence of its terms, conditions, applications, provisions, exclusions and uninsured/underinsured motorist coverages and limits which are pled herein as if copied *in extenso*.  State Farm further avers that its policy is secondary and excess to any and all underlying liability insurance in favor of Plaintiff.  Still further, State Farm admits that it received correspondence from counsel for Plaintiff making a demand for an uninsured/underinsured motorist payment.  State Farm avers that the correspondence and its attachments, as written documents, are the best evidence of their contents and deny all allegations at variance therewith.  State Farm further avers that there was/is more than sufficient underlying liability insurance coverage to compensate Plaintiff for any and all alleged injuries.

9. (misnumbered)

The allegations of Article 9 of Plaintiff's Petition for Damages are denied for lack of

sufficient information to justify a belief therein. Further, Respondent denies that Plaintiff was injured or suffered damage as a result of the alleged accident made subject of this litigation.

10.

To the extent a response is required, the allegations of the Prayer for Relief of Plaintiff's Petition for Damages are denied.

11.

AND NOW FURTHER ANSWERING, State Farm Mutual Automobile Insurance Company, in its capacity as the alleged uninsured/underinsured motorist carrier of Plaintiff, only, denies any liability whatsoever in the premises.

12.

AND STILL FURTHER ANSWERING, State Farm Mutual Automobile Insurance Company avers that the sole and/or proximate cause of the alleged accident in question was the negligence of Jamyia Harris.

13.

AND STILL FURTHER ANSWERING, in the event, and only in the event, this court should conclude that State Farm Mutual Automobile Insurance Company is liable as to any allegations contained in the Petition for Damages, which is at all times expressly denied, then in such event, Respondent pleads the benefit of comparative fault of Jamyia Harris and/or any other party(s) whether named or unnamed to the subject lawsuit, in the reduction of Plaintiff's claim for damages.

14.

AND STILL FURTHER ANSWERING, in the event that it is determined that Jamyia Harris or any other third persons are liable in the premises, Jamyia Harris and/or other third persons

maintained a policy or policies of automobile liability insurance with limits sufficient to remunerate plaintiffs for any and all damages, which may have been suffered in the accident made subject of this litigation, if any, and, therefore, Jamyia Harris and/or any other third person is/are not uninsured nor underinsured pursuant to Louisiana Law and the State Farm Mutual Automobile Insurance Company policy at issue herein.

15.

AND STILL FURTHER ANSWERING, State Farm Mutual Automobile Insurance Company denies that Plaintiff was injured or suffered damage as a result of the alleged accident made subject of this suit. Respondent further avers that any complaints or conditions which Plaintiff may have are solely related to prior accidents and/or pre-existing injuries or medical conditions.

16.

AND STILL FURTHER ANSWERING, State Farm Mutual Automobile Insurance Company avers that it is entitled to a credit and/or dollar-for-dollar offset for any and all amounts which have been paid to the Plaintiff in this matter by State Farm or any other entity.

17.

AND STILL FURTHER ANSWERING, State Farm Mutual Automobile Insurance Company avers that Plaintiff has failed to mitigate her damages, if any.

18.

AND STILL FURTHER ANSWERING, State Farm Mutual Automobile Insurance Company reserves the right to assert additional affirmative defenses as discovery progresses.

19.

State Farm Mutual Automobile Insurance Company denies that Plaintiff's damages, if any,

are equal to or in excess of an amount properly triable before a jury, however, in the event that they are and in light of the fact that Plaintiff's Petition is silent regarding same, defendant, State Farm Mutual Automobile Insurance Company, in its capacity as the alleged uninsured/underinsured motorist carrier of Plaintiff, is entitled to and hereby requests and prays for a trial by jury and will post such bonds the court may demand.

**W H E R E F O R E,** your Respondent prays:

That this answer to the Petition for Damages be deemed good and sufficient and that after all legal delays and due proceedings had, there be judgment rendered herein in favor of Defendant and against Plaintiff herein, dismissing Plaintiff's demands, with prejudice, and at Plaintiff's cost and for all general and equitable relief.

Respectfully submitted,

*/s/ Charles L. Chassaignac, IV*
**CHARLES L. CHASSAIGNAC, IV (#20746)**
**ELEANOR W. WALL (#29695)**
**EMILY S. MORRISON (#18351)**
**LAURA WELCH (#33060)**
**MICAH O. UDEH (#40090)**
Porteous, Hainkel & Johnson, L.L.P.
301 St. Charles Street
Baton Rouge, LA 70802
Telephone: (225) 383-8900
cchassaignac@phjlaw.com
ewall@phjlaw.com
emorrison@phjlaw.com
lwelch@phjlaw.com
mudeh@phjlaw.com

*Attorneys for State Farm Mutual Automobile Insurance Company*

## CERTIFICATE OF SERVICE

I do hereby certify that on April 16, 2025, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send notice of electronic filing to counsel of record.

/s/Charles L. Chassaignac, IV
CHARLES L. CHASSAIGNAC, IV